UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ROGER ISCH | : | DOCKET NO. 2:08-cv-742 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| ROBIN A. POOLE, DIRECT GENERAL INSURANCE COMPANY OF MISSISSIPPI, AND ERIE INSURANCE EXCHANGE | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Currently before this Court is a jointly filed Motion to Remand [Doc. 8]. Roger Isch, plaintiff, and Erie Insurance Exchange, defendant move this court for an Order to remand the above-captioned matter to the 14th Judicial District Court, Calcasieu Parish, Louisiana, where it was pending prior to removal.

According to 28 U.S.C. § 1446(b), a party seeking removal of a suit based on 28 U.S.C. § 1332 (diversity jurisdiction) must show that an action became removable within thirty days of the filing of the notice of removal. Additionally, a case may not be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332 more than one year after the action commenced. 28 U.S.C. § 1446(b). In the instant case, defendants filed a notice of removal alleging that they removed the action within thirty days of their receipt of amended pleadings alleging damages over $75,000.00 in accordance with 28 U.S.C. § 1446(b). As the parties were also diverse, defendant's alleged that the action complied with the diversity requirements of 28 U.S.C. § 1332.

1

Thereafter, counsel for plaintiff notified defendants that their Notice of Removal had not occurred within one year of the initial filing of the action and that plaintiff would contest the issue before this court. Plaintiff's counsel gave the defendants the opportunity to file this Motion to Remand, rather than use resources to argue the issue. Accordingly, having duly discussed the matter with clients, defendants' counsel filed this Motion.

This court notes that a federal court may retain jurisdiction over an action removed to it where equitable considerations suggest that it do so, despite a party's failure to remove the action within one year of an initial filing. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 425-27 (5th Cir. 2003). This court also notes, however, that no equitable considerations dictate that it retain jurisdiction given that both parties now seek to remand the case to state court.

Thus, for the foregoing reasons,

IT IS RECOMMENDED that the joint Motion to Remand [Doc. 8.] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 19, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE